**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000516**
**31-JUL-2012**
**08:54 AM**

CAAP-11-0000516

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MARK SUTTON THORNE, Plaintiff-Appellee,
v.
JACQUELYN JO THORNE, Defendant-Appellant.


APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(KONA DIVISION)
(FC-D NO. 10-1-0185K)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Reifurth and Ginoza, JJ.)


Defendant-Appellant Jacquelyn Jo Thorne (Wife) appeals from the "Decree Granting Absolute Divorce and Awarding Child Custody" (Divorce Decree) filed by the Family Court of the Third Circuit (Family Court)[1] on May 31, 2011. The Divorce Decree was based on "Findings of Fact and Conclusions of Law" filed on May 31, 2011, by the Family Court after the conclusion of the divorce trial of Wife and Plaintiff-Appellee Mark Sutton Thorne (Husband). On appeal, Wife argues that the Family Court erred in: (1) denying her request for alimony; and (2) including indemnity and bankruptcy provisions in the Divorce Decree. We affirm.

---

[1] The Honorable Melvin H. Fujino presided.

I.

We resolve the arguments Wife raises on appeal as follows:

1. Wife argues that the Family Court erred in denying her request for alimony. The Divorce Decree provides that "[n]either party shall be required to provide support or maintenance for the other party." Wife challenges the Family Court's Conclusion of Law No. 2, which states:

> 2. Based on the Findings of Fact that [Wife] obtained two degrees, one in accounting and one in finance, and that she has been employed for a period of time, the Court also finds that in this case that [Wife] has not met her burden of showing why and as to what amounts she needs. Although she references such in her Income and Expense Statement, which is [Wife's] Exhibit "A", the Court finds in this case that there's testimony that the oldest child, who is 27 years old, still resides in the residence in which [Wife] has been occupying with the two children, but he does not pay rent. So that tells the Court that [Wife] has not shown why she needs money from [Husband] in this case for alimony, so the request for alimony is denied.

The Family Court has broad discretionary authority to determine alimony pursuant to Hawaii Revised Statutes § 580-47(a) (2006), and absent a manifest abuse of such discretion, we generally will not disturb the Family Court's decision. See Gussin v. Gussin, 73 Haw. 470, 478-82, 836 P.2d 484, 489-90 (1992); Jaylo v. Jaylo, 125 Hawai'i 369, 373, 262 P.3d 245, 249 (2011). The record reflects that in denying Wife's request for alimony, the Family Court considered the factors set forth in HRS § 580-47(a). We cannot say that the Family Court abused its discretion in denying Wife's request for alimony.

2. Wife argues that the Family Court erred in including indemnity and bankruptcy provisions in the Divorce Decree. The indemnity provision requires each party responsible for paying a debt pursuant to the Divorce Decree to indemnify the other party for any liability arising from the non-payment of the debt. The bankruptcy provision authorizes a party to enforce the benefits conferred under the Divorce Decree in the event the other party files for bankruptcy.

Wife acknowledges that this court has previously indicated its support for similar provisions in <u>Bienvenue v. Bienvenue</u>, 102 Hawai'i 59, 69, 71-72, 72 P.3d 531, 541, 543-44 (App. 2003). In addition, Wife cites no case authority to support her claim that the Family Court erred in including the indemnity and bankruptcy provisions in the Divorce Decree. We conclude that Wife has failed to demonstrate that the Family Court erred in including the indemnity and bankruptcy provisions. <u>See</u> <u>Bienvenue</u>, 102 Hawai'i at 71-72; 72 P.3d at 543-44; <u>see also</u> <u>Fast v. Fast</u>, 766 N.W.2d 47, 48-49 (Minn. Ct. App. 2009); 11 U.S.C. § 523(a)(5) & (15).

II.

We affirm the Divorce Decree filed by the Family Court.

DATED: Honolulu, Hawai'i, July 31, 2012.

On the briefs:

Daniel S. Peters
for Defendant-Appellant

Robert M. Harris
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

*Lawrence M. Reifurth*
Associate Judge

*Associate Judge*

3